DETERMINED IN

# THE SUPREME COURT

OF THE

## STATE OF NEVADA.

### OCTOBER TERM, 1873.

---

MARY J. CONNERY, APPELLANT, v. S. T. SWIFT et al.,
RESPONDENTS.

REMEDIES AGAINST JUSTICES' JUDGMENTS—WHEN EQUITY WILL NOT INTERFERE.
If a judgment for plaintiff by a justice of the peace is erroneous, the remedy
of defendant is by appeal; if void, the execution upon it may be set aside
by motion; if both these remedies are lost without fault, it must still appear
that defendant has no other adequate and complete remedy at law before
equity will restrain the enforcement of the execution.

"No VISIBLE PROPERTY" NOT EQUIVALENT TO "No PROPERTY." An averment
that a person "has no visible property exempt from execution " is not equiv-
alent to an averment that he is insolvent or unable to respond in damages.

APPEAL from the District Court of the Second Judicial
District, Ormsby County.

This was an action against S. T. Swift, sheriff of Ormsby
County, and C. M. Taylor, to enjoin proceedings on execu-
tion under a judgment recovered before a justice of the peace
in favor of Taylor and against Mary J. Connery, then Mary
J. McCormas. It appears from the complaint that Taylor,
about June, 1872, commenced suit in a justice's court in

Genoa Township, Douglas County, against Thomas McCormas and Mary McCormas for $180; that after service and upon the day set for trial a default was entered against Mary McCormas; that about the same time the suit was, on motion of Thomas McCormas, certified to the district court on the ground that it involved the title to real property; that in December, 1872, after a hearing in the district court, the case was certified back to the justice for further proceedings; that on December 23, about six months after the entry of default against Mary McCormas, judgment was entered in favor of Taylor generally for $180 and costs; that a certified transcript of such judgment was filed and docketed in the district court; that on March 31, 1873, an execution was issued thereon to the defendant Swift as sheriff of Ormsby County; and that on April 19, 1873, said sheriff levied upon a piano forte, the separate property of plaintiff, which he threatened to sell, and to restrain the sale of which this action was brought.

The complaint alleged several reasons on account of which the justice's judgment was claimed to be void—one that it had not been entered in four days after default; another that no general judgment could be entered, for the reason that there had been no trial or default as to Thomas McCormas. It further alleged that plaintiff was not indebted to Taylor but that Taylor was indebted to her; that when the case was to come up in the justice's court she was about to telegraph to Carson City for counsel to appear for her; that Taylor, learning of her intention so to do, assured her that there was no occasion or necessity of putting herself to that trouble or expense as he intended if possible to enforce his claim against Thomas McCormas, but in no event would he ask anything as against her; that Taylor at the same time agreed to pay her the amount due her as soon as he should recover from Thomas McCormas; that acting upon

such assurances and agreement she made no defense; that it was also agreed in the district court, when the case was certified back to the justice's court, that if any further proceedings were to be taken in the justice's court her attorney was to have timely notice; that no notice of application for judgment was given until after the period for appeal therefrom had expired; that all the foregoing proceedings were in fraud of her rights; that her remedy by appeal having been lost, she had tried *certiorari*, which had failed; that Taylor had "no visible property exempt from execution," and that she was without adequate remedy at law.

In response to the prayer of the complaint, a preliminary injunction restraining the sale was issued and also an order to show cause why such injunction should not be continued in force. Upon the hearing, the defendant Taylor presented a very full answer, specifically denying all the above mentioned charges and setting up that when he commenced his suit in the justice's court, Mary McCormas, desiring to injure and embarrass her then husband Thomas, requested him to commence it as he did.

The preliminary injunction was dissolved, and plaintiff appealed from the order.

*T. W. W. Davies*, for Appellant.

I. The so-called judgment was void and a nullity, because not entered within four days after the default (Practice Act, Sec. 552); also, because, if against any one, it was against the defendants therein generally, and no trial had been had, or default entered, as to Thomas McCormas. It could only have been valid as against him, because he and said Mary were then husband and wife. 1 Ker. N. Y. 301.

II. The judgment in the justice's court being void, it may be attacked either directly or collaterally, and defendant

therein is entitled to protection by injunction. Hilliard on Injunctions, 650; 10 Missouri, 772; 9 Cal. 172; 12 Cal. 283.

*George P. Harding,* for Respondent.

I.   Whether the judgment was void or voidable, the plaintiff had remedies at law, speedy, complete and adequate, for the presentation of all her rights in the premises. To say nothing of her remedy by appeal, the justice who rendered it had power to withhold or arrest process issued to enforce it; when the transcript of the judgment was filed in the district court, the latter court had the same power, in respect to the execution issued therefrom; or plaintiff might have obtained a review of the action of the justice, so far as jurisdiction was involved, by *certiorari.*

II.   If plaintiff's property was seized to satisfy a void judgment, not only the officer making such seizure, but the judgment creditor directing such officer would place himself as to her in the attitude of a naked, unauthorized trespasser, liable in damages. And in view of the record in this case, the court will not infer or presume any inability on the part of Taylor to respond in damages.

III.   The provision in the Practice Act (Sec. 552) requiring the entry of judgment within a given time, is merely directory. *Fugitt* v. *Cox,* 2 Nev. 370. It cannot be construed as imperative, or as fixing an impassable landmark of judicial power, without violence to the object of the law; which could have been none other than to encourage reasonable dispatch in the determination of actions.

IV.   The rendition of judgment by the justice was at most only an irregularity. The contract, on which suit was brought, being joint, the judgment was properly entered against both defendants. But if Mary McCormas was improperly joined as defendant in that action, she should have

demurred on the ground of misjoinder; and the fact that she did not, leaves us to conclude that she was properly made a defendant.


By the Court, HAWLEY, J.:


Plaintiff seeks to enjoin the sale of certain personal property under an execution issued upon a judgment rendered against her in a justice's court, and bases her claim for relief upon the grounds : 1st, that the judgment is a nullity ; 2d, that it was obtained by fraud. At the hearing upon the question of fraud, the court dissolved the temporary restraining order theretofore issued. From this order plaintiff appeals.

From the pleadings we think the only ground upon which plaintiff would be entitled to the relief sought is that of fraud; and it is not contended that the court erred in deciding that question adversely to plaintiff. If the judgment was erroneous, the remedy of plaintiff was by appeal; if void, she had a remedy by motion to have the execution set aside. If these remedies have been lost, without any fault or negligence of plaintiff, and if we concede that the judgment is entirely void (a question we have not examined), still there is no necessity for the interference of a court of equity to restrain the enforcement of the execution, because there is no showing that plaintiff cannot have an adequate and complete remedy at law. There is no allegation that defendants are insolvent or unable to respond in damages. The averment "that said C. M. Taylor, defendant herein, has no *visible* property exempt from execution" is not sufficient. Moreover, the averment is positively denied in the answer. The restraining order was properly dissolved.

The order appealed from is affirmed.