PHILLIP SINCLAIR, Appellant, v. ROY E. HOLT, Respondent.

No. 6600

February 23, 1972                    493 P.2d 1316

Lee and Beasey, of Las Vegas, for Appellant.

Pomeranz, Cochrane, Lehman & Nelson, of Las Vegas, for Respondent.

## OPINION

By the Court, Mowbray, J.:

On September 21, 1962, the Vegas Development Corporation of Nevada, through its officers, signed a $35,400 corporate installment note payable to the order of the First National Bank of Nevada. The note was secured by a chattel mortgage covering apartment furniture owned by the corporation.

On September 24, 1963, Respondent Roy E. Holt became guarantor of the note. Later the corporation encountered financial difficulties. In September 1964 the corporation filed

a voluntary petition in bankruptcy in the United States District Court for the District of Nevada. The bank, upon receipt from Holt of the balance due on the corporate note, transferred to Holt all of the right, title, and interest in the note. After the corporation was adjudicated a bankrupt, the furniture covered by the chattel mortgage note was abandoned to Holt by order of the Referee in Bankruptcy. Holt sold the furniture to Appellant Phillip Sinclair, who in turn has sold the furniture for value to a third party.

Holt has sued Sinclair in the lower court for the balance due on the purchase price of the furniture. Sinclair defended the suit on the ground that Holt did not have legal title in the furniture when he sold it to Sinclair. The district judge found in favor of Holt and against Sinclair. We affirm the judgment.

Sinclair, in attacking Holt's title to the furniture, claims that the chattel mortgage covering the furniture was not formally assigned to Holt. While chapter 106 of NRS then in effect did prescribe the means of effecting formal assignment of mortgage rights,[1] the statutory procedure set forth therein was not the only means for transferring the rights of a mortgagee. In this case the security followed the note, thus conveying to respondent Holt the rights of a mortgagee. 4 Corbin, Contracts § 907 (1951); 3 Williston, Contracts § 432A (3d ed. 1960). Under the express terms of the mortgage, the mortgagee had the right of private sale. That is, upon default, the mortgagee was empowered to take possession of the mortgaged property and later by private sale convey good title to a third party. See Cram v. Wells Cargo, Inc., 70 Nev. 19, 253 P.2d 200 (1953). This was done in the instant case. At the time the bank assigned the note to Holt, he acquired by virtue of the assignment the bank's interest in the security. The property was abandoned to him by the Referee in Bankruptcy. Sinclair then purchased the property, and he later sold it for value to a third party. Sinclair may not renege on his purchase agreement, and he must therefore pay the remainder of the purchase price due thereunder as ordered by the district court.

The judgment is affirmed.

ZENOFF, C. J., and BATJER, THOMPSON, and GUNDERSON, JJ., concur.

---

[1] The Uniform Commercial Code was not then in effect.