ROY HOLT, APPELLANT, *v.* PHILIP SINCLAIR, RESPONDENT.

No. 7091

February 26, 1975                        532 P.2d 271

*Harley W. Carter,* of Las Vegas, for Appellant.

*Lee and Beasey,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

Phillip Sinclair, a judgment debtor, persuaded the district court to grant a preliminary injunction against an execution sale of parcels of his real property by Roy Holt, his judgment creditor. Consequently, Holt has appealed to this court for relief. Since we are unable to perceive a valid basis for injunctive relief, we reverse.

Some preliminary observations are in order. Sinclair does not claim that the judgment debt, for some legal reason, is not owing Holt. Indeed, that debt previously has been confirmed by this court. Sinclair v. Holt, 88 Nev. 97, 493 P.2d 1316 (1972). Neither does he point to any infirmity in proceedings leading to the proposed execution sale. Moreover, the record suggests his ability to pay the judgment debt should he elect to do so and thus preclude the execution sale of property.

The district court apparently was impelled to grant injunctive relief because of circumstances attending an attempted settlement of the debt. Two parcels of Sinclair's property already had been sold in an effort to satisfy the judgment. Since that sale did not produce enough to satisfy the debt, the attorneys for Sinclair and Holt entered upon settlement negotiations and, through correspondence, had reached a compromise understanding which contemplated the delivery by Sinclair of a check for a designated sum in return for a satisfaction of judgment and a redemption of the two parcels sold. However, the time for redemption expired before settlement was concluded,[1] and Holt then endeavored to execute on other parcels, but was stopped by the court below.

Sinclair is indebted to Holt. He must pay that judgment, or suffer execution upon his property to an extent sufficient to satisfy the debt. He has asserted no cognizable basis for

---

[1] It is claimed that Holt's then counsel misled Sinclair's counsel as to the date of the prior execution sale causing Sinclair and his counsel to allow the redemption period to pass. Because of that claim and others, Sinclair commenced an action at law against Holt, and others, to recover damages, if any, resulting from that prior sale. We presume that such action will afford to Sinclair all appropriate legal relief, if any, to which he may be entitled and is an adequate remedy. Cf. Connery v. Swift, 9 Nev. 39, 43 (1873).

equitable relief. Whatever claim for damages may be his resulting from the prior execution sale will be resolved in another case to which we have made reference in footnote 1.

Reversed and remanded for disposition in accordance with this opinion.

GUNDERSON, C. J., and BATJER, ZENOFF, and MOWBRAY, JJ., concur.