THE PEOPLE *ex rel.* JONES *v.* THE COUNTY COURT OF
EL DORADO COUNTY.

A defendant who has been properly served with process issued out of a Justice's Court,
who allows judgment to be taken against him by default, admits the facts alleged in
the complaint, and no appeal will lie from such judgment in reference to such facts,
there being no issue of fact.

In such a case, where the defendant appeals on questions of both law and fact, he is not
entitled to to a trial *de novo.*

Nor could he ask the County Court to hear the appeal on questions of law, unless there
was a statement filed of the grounds on which he intended to rely.

In all cases, the issue of fact must be made in the Court of original jurisdiction. The
County Court can only re-try the issue tried in the Court below. This is what is
meant by a trial *anew* in the County Court, under section six hundred and twenty-
six of the Practice Act.

MANDAMUS.

C. L. Cresman brought suit against Seymour & Jones before a
justice of the peace, upon a promissory note. The summons was
regularly served; the defendant made default, and the plaintiff
obtained judgment. From this judgment the defendant, George
F. Jones, appealed to the County Court, and filed and served his
notice of appeal, which is as follows:

"*Charles L. Cresman* v. *Lewis S. Seymour and George F. Jones*—
In Justice Bush's Court, Placerville Township, County of El
Dorado.—The plaintiff in the above-entitled cause is notified that
the defendant, George F. Jones, appeals from the judgment ren-
dered in said cause, to the County Court of El Dorado county,
and that said appeal is from the whole judgment, and on ques-
tions of both law and fact.

"Respectfully,

"JULY 21, 1857.                                    GEORGE F. JONES."

The County Court dismissed the appeal, and the defendant,
Jones, applied to this Court for a *mandamus* to compel the County
Court to proceed and try the case. An alternative writ was is-
sued and returned served.

*Hall and Hume* for Petitioner.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J.,
and FIELD, J., concurring.

The Code allows a party to appeal from a judgment rendered
in a Justice's Court to the County Court, either upon questions
of law alone, or upon questions of fact alone, or upon questions
both of law and fact. But this right of appeal can only be ex-
ercised in proper cases. In this case, the defendant, by his de-

fault, admitted the facts alleged in the complaint. There being no *issue* of fact, the facts were conceded, and the justice could commit no error as to them; and as the justice could commit no error as to the facts conceded, there could be no appeal from his judgment in reference to the facts. The defendant having conceded the facts to be true as alleged, could not appeal against his own admission. There being no right of appeal in this case upon questions of fact, the defendant could not force the County Court to try the case anew by his own improper act in taking his appeal upon questions both of law and fact. Nor could the defendant ask the County Court to hear the appeal upon the questions of law, for the reason, that there was no statement of the grounds upon which he intended to rely.

Our conclusion is, that in all cases the issue of fact must be made in the Court of original jurisdiction. The County Court can only re-try the issues tried in the Court below. This is what is meant by a trial *anew* in the County Court, under section six hundred and twenty-six.

Let the writ be dismissed.