PAOLO VLAUTIN *v.* DOLORES BUMPUS, PELEG BUMPUS, AND JESUS GANBOA.

COMMON PROPERTY LIABLE FOR WIFE'S SOLE DEBT.—In an action against the husband and wife, on a sole debt of the wife, contracted by her before marriage, a judgment may be rendered to be collected out of the common property of both husband and wife.

APPEAL from the District Court, Sixth Judicial District, City and County of Sacramento.

The promissory note sued on was made by Jesus Ganboa and Dolores Diaz, on the 1st day of January, 1864. Afterwards, and before the commencement of the suit, Dolores Diaz married defendant Peleg Bumpus.

The following judgment was rendered by the Court below: "Now on this day it is ordered and adjudged by the

Court, that the plaintiff in this action do have and recover of and from the defendants herein the sum of four hundred and si̇x dollars and ninety-five cents, with interest on said sum of four hundred and six dollars and ninety-five cents from date hereof, until paid, at the rate of two and one half per cent per month, said amount and interest payable in the gold coin of the United States of America. Also the further sum of twenty-nine dollars and twenty cents for costs of suit in this behalf expended; and also all accruing costs. Said sum of money, interest, and costs to be made out of the individual property of Dolores Bumpus and of Jesus Gan-. boa, and out of the common property of Dolores Bumpus and her husband, Peleg Bumpus, said persons being the defendants abovenamed."

The defendants appealed.

*Charles A. Tuttle*, for Appellants.

*Daniel J. Thomas*, for Respondent.

By the Court, SAWYER, C. J. :

The appeal is from the judgment in an action on a promissory note, without any statement. It does not appear when the payment on the note, admitted and allowed, was made, and it is, therefore, impossible to tell from the judgment roll whether the judgment is for too large a sum or not.

The only other point made, is, that the common property of husband and wife is not liable for the sole debt of the wife, created before her marriage. But it is otherwise settled in *Van Maren* v. *Johnson*, 15 Cal. 308.

Judgment affirmed, and the remittitur directed to issue forthwith.