[No. 9,003.   Department One.—August 5, 1884.]

THOMAS E. KETCHUM, PETITIONER, *v.* SUPERIOR
COURT OF SAN JOAQUIN COUNTY, RESPONDENT.

WRIT OF REVIEW—APPEAL—AMENDMENTS.—On an appeal from a judgment of
a Justice's Court on questions of law and fact, when issues of fact have been
made in the court below, the Superior Court may allow amendments to the
pleadings. The allowance of amendments to pleadings is a matter within the
discretion of the court, and cannot be reviewed on *certiorari.*

APPLICATION for a writ-of review to the Superior Court of
the county of San Joaquin.

The facts appear in the opinion of the court.

*J. H. Budd,* for Petitioner.

*J. C. Campbell,* for Respondent.

McKEE, J.—The case in hand originated in an action brought
in a Justice's Court to recover damages for the detention of
some milch cows, to whose possession the plaintiff, as owner of
the cows, claimed to be entitled.

The answer filed in the Justice's Court was a general denial.
Upon that the case was tried and the defendant had judgment,
from which the plaintiff appealed on questions of both law and
fact. At the trial of the case on appeal, the Superior Court
allowed the defendant to amend his answer, by pleading justifi-
cation for taking and detaining the cattle. To this ruling the
plaintiff excepted; and it is contended that the court, in allow-
ing the amendment, exceeded its jurisdiction, because it had
only acquired jurisdiction by the appeal, to try the action upon
the issues raised by the pleadings in the Justice's Court.

But it must be conceded that the court had jurisdiction to try
the action *de novo* (§ 976, Code Civ. Proc.); and such a trial
must be conducted in all respects as trials in other cases. All
the provisions of the Code of Civil Procedure relative to the
trial of cases which have been commenced within the original
jurisdiction of the court are made applicable to the trial *de novo*
of cases within its appellate jurisdiction. (§ 980.)

Now there is no question that, on the trial of a case originat-
ing in the Superior Court, an amendment to a pleading in the

case in any particular, may be allowed by the court, upon such terms as may be just. This may be done at any time in the course of the proceedings, or during the trial, where the ends of justice may be promoted thereby (§ 473 ); and being allowable on the trial of a case within the original jurisdiction of the court, it is also allowable on the trial *de novo* of a case within its appellate jurisdiction.

*Jones* v. *The County of El Dorado*, 10 Cal. 19, and *Funkenstein* v. *Elgutter*, 11 Cal. 328, are not analogous. It is true that in each of those cases an appeal had been taken on questions of both law and fact, from the judgment of a Justice's Court to the county court; but the judgment was by default, and on appealing from it there was no statement of the grounds upon which the appellant intended to rely on the appeal on questions of law, nor was there any issue of fact raised in the Justice's Court. That being the condition of the case on appeal, there was no question of law to decide, and no question of fact to try; therefore the appellate court acquired no jurisdiction to retry the case. (*Rickey* v. *Superior Court*, 59 Cal. 661.)

But in the case in hand there were issues of fact which the court had jurisdiction to retry; and as we have shown that this jurisdiction included authority to allow any amendment to the pleadings by which the issues were raised, so as to enable the parties to present the case on its merits, the allowance of such an amendment was a matter within the sound discretion of the court, and is not reviewable on *certiorari* even if the exercise of the authority by the court was irregular or erroneous. It is sufficient that the act of the court was within its jurisdiction. (*Carriaga* v. *Dryden*, 29 Cal. 307; *Kitts* v. *The Superior Court*, 62 Cal. 203.)

Application for a writ of *certiorari* denied.

Ross, J., and McKINSTRY, J., concurred.