[No. 11029.    In Bank. —November 25, 1885.]

C. M. MYRICK ET AL., PETITIONERS, *v.* SUPERIOR COURT OF CONTRA COSTA COUNTY.

JUSTICES' COURT — APPEAL — TRIAL DE NOVO. — On an appeal from a Justices' Court, taken on questions of law and fact, the Superior Court cannot try the action *de novo*, unless a trial upon the issues of fact as made in the Justices' Court had been had in that tribunal.

ID. — DISMISSAL OF ACTION WITHOUT TRIAL. — The action was originally brought in a justices' court, and issues of fact joined. The justice refused to enter upon the trial, upon the ground that the complaint, although actually filed, was not so indorsed, and dismissed the action. The plaintiff thereupon appealed to the Superior Court on questions of law and fact. *Held*, that the Superior Court had no authority to try the action *de novo*, and that it should reverse the judgment, and remand the case to the Justices' Court for trial on the issues tendered by the pleadings.

APPLICATION for a writ of review. The facts are stated in the opinion.

*G. W. Bowie*, for Petitioners.

The Superior Court had no power to try the case on the facts, as no trial had been had in the Justices' Court. (Code Civ. Proc., sec. 980; *Southern Pac. R. R. Co.* v. *Superior Court*, 59 Cal. 471; *People* v. *County Court*, 10 Cal. 19; *Funkenstein* v. *Elgutter*, 11 Cal. 328; *Rickey* v. *Superior Court*, 59 Cal. 661.)

*Mills & Jones*, for Respondent.

It was the duty of the Superior Court to try the action *de novo*. (*Clark* v. *Minnis*, 50 Cal. 509; *Townsend* v. *Brooks*, 5 Cal. 52; *Coyle* v. *Baldwin*, 5 Cal. 75; *People* v. *Freelon*,

8 Cal. 517; *Curtis* v. *Superior Court,* 63 Cal. 435; *Coker* v. *Superior Court,* 58 Cal. 177.)

FOOTE, C.—Application for a writ of review. The case in hand originated in a Justices' Court to recover damages caused by the trespass of stock on plaintiff's land. A change of venue was obtained to another Justices' Court, but before such transfer of the cause, an answer, demurrer, and motion to dismiss had been filed by the defendant. When the action came on for trial, a second motion was made by the defendant to dismiss it, on the ground that the justice in whose court it was originally brought had failed to indorse on the complaint that it was "filed" as required by law. The motion was sustained and the case dismissed, a judgment being rendered in favor of the defendant for costs. Thereupon the plaintiff appealed upon "law and facts" to the Superior Court. There the point was made that such court had only jurisdiction to affirm or reverse the judgment of the Justices' Court, but had no power to try the case on the issues raised by the pleadings. But the appellate court took a different view of the matter, and trying the case upon the issues of law and fact, rendered a judgment for the plaintiff.

The taking of the appeal on "law and facts" would not give the right to have the action tried *de novo,* unless a trial upon the issues of fact as made in the Justices' Court had already been had in that tribunal. Such issues were there made up, and there is no objection urged in any quarter that jurisdiction did not there exist to try the cause. The justice refused to enter upon such trial, upon the ground that the complaint, although actually filed, was not so indorsed, and dismissed the action.

If the Superior Court in this instance had a right to try a case upon issues of fact, which was within the jurisdiction of a justice of the peace, who had never passed

upon such issues as tendered, the former tribunal might be said to have original jurisdiction in such cases, which is contrary to the statute.

It will not do to say that a justice of the peace by declining to perform so plain a duty, even under a mistaken opinion of law, can force an appellate tribunal to assume his place. He must first proceed to do what the law requires of him, then, if his judgment upon issues of fact be appealed from, a new trial of them can be had in the manner declared by law to be appropriate. In effect, he dismissed the case at the costs of the plaintiff. The Superior Court should have reversed that judgment, and sent the case back for trial on the issues tendered by the pleadings.

It could not have been contemplated by those who framed and passed the statute which controls this case, that an action which was within the jurisdiction of a justice of the peace could be tried on issues of fact in the Superior Court, which had never been passed on by the lower tribunal.

It is claimed that in the case of *People ex rel. Hitchcock* v. *Freelon*, 8 Cal. 518, a different view of the law as to this matter was taken. We see nothing there which conflicts with the position we here assume. In the former case the issues raised were passed on by the lower court, and a trial *de novo* was possible, and it was simply held that where on appeal such trial was ordered, the County Court might entertain it without sending it back to the former court.

In *Curtis* v. *Superior Court*, 63 Cal. 435, it was announced that an appeal would lie to the Superior from a Justices' Court, where issues of fact had been raised and passed on without any evidence being given on the trial. There a trial was had because the lower court passed upon the issues of fact raised by the pleadings, and exercised its jurisdictional functions by giving judgment thereon without any evidence to support its

decision.   And if error was thereby committed, it was reviewable on appeal.   And a new trial being proper, it was rightfully allowed to take place in the appellate court.

In the case now being considered the lower court did not pass upon the issues of facts raised by the pleadings, or render any judgment thereon, but expressly refused to do so.

We conclude, therefore, that the action of the Superior Court of Contra Costa County in the premises was beyond its jurisdiction, the judgment rendered therein void, and should be annulled.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons giving in the foregoing opinion, the judgment is annulled.

MYRICK, J., dissented.