[No. 1370.]

THE NEVADA CENTRAL RAILROAD COMPANY, Petitioner, v. THE DISTRICT COURT OF LANDER COUNTY, Respondent.

Practice—Justice Court—Adjournment.—Where by consent of parties a case in a justice's court is adjourned for more than ten days, the undertaking provided for by section 3565, Gen. Stats., is not required, and a dismissal of the action for the reason that such undertaking has not been given, is error.

Idem—Notice of Appeal.—Where the notice of appeal properly describes the judgment from which the appeal is taken, the addition of other words indicating that the appeal is taken from the order dismissing the action, on which order the judgment is founded, should be treated as surplusage, and they do not invalidate the appeal. (Murphy, C. J., dissenting.)

Idem—Mandamus—Dismissal of Action.—Where a justice has dismissed an action, a writ of mandamus will not lie to compel him to proceed and try the action, although such dismissal was error.

Idem—Certiorari, When Will Not Lie.—A writ of certiorari will not lie where there is an appeal.

IDEM—APPEAL FROM IMPROPER JUDGMENT OF DISMISSAL.—An appeal
will lie from a judgment rendered in a justice's court on an order
improperly dismissing the action. Especially is that the case where
both issues of law and issues of fact had been made in the justice's
court.

(Syllabus by BIGELOW, J.)

APPLICATION for a writ of prohibition.

The facts sufficiently appear in the opinion.

*D. S. Truman*, for Petitioner.

I. The district court never had any jurisdiction in the mat-
ter by appeal, but if the dismissal was erroneous it was an ex-
cess of jurisdiction and either a writ of certiorari or mandamus
was the proper remedy for plaintiff to employ.

II. An appeal from a justice's court will not lie until a case
has been tried upon its merits. (*Martin* v. *District Court*, 13
Nev. 91.)

*James F. Dennis*, for Respondent.

I. The appeal to the district court was properly taken. Is-
sues had been joined in the justice's court. The justice had dis-
missed the action and an order dismissing an action is a final
judgment. (*Dowling* v. *Polack*, 18 Cal. 625; *Leese* v. *Sherwood*,
21 Cal. 164; *Zoller* v. *McDonald*, 23 Cal. 136; *McLeran* v. *Mc-
Namara*, 55 Cal. 510; *People* v. *Pfeiffer*, 59 Cal. 89; Hayne on
New Trials and Appeals, 555.)

II. Mandamus would not lie to the justice court to compel
it to try the case after dismissal because there was a plain,
speedy and adequate remedy at law, that of appeal, which was
invoked. Certiorari would not lie, because every court has a
right to pass upon its jurisdiction and to hear and determine
a motion to dismiss. Error in judgment in respect to a ques-
tion which a court is authorized to determine does not consti-
tute an excess of jurisdiction. (*Phillips* v. *Welch*, 12 Nev. 158.)

By the Court, BIGELOW, J.:

In the action of *J. F. Dennis* v. *The Nevada Central Railroad
Company*, pending in the justice's court of Austin township,
Lander county, the justice being of the opinion that he had lost

jurisdiction of the case by reason of having granted, although by consent of both parties, a continuance for more than ten days without requiring the undertaking provided for in Gen. Stat., Sec. 3565, dismissed it, and rendered judgment against the plaintiff for costs. It is sufficient upon this point to say that this was error, because when both parties consent to an adjournment of the trial no undertaking is required. A motion by the plaintiff to retax the costs was overruled by the justice, and the plaintiff appealed to the district court of Lander county. The notice of appeal stated that the appeal was taken from the judgment, properly describing it, and then added: "This appeal is taken on the order dismissing the action on the motion of defendant that the said court had lost jurisdiction of the same, on questions of both law and fact." An appeal can only be taken in a justice's court from a final judgment, and as this was properly done here, the words quoted should be treated as surplusage, and they do not invalidate the appeal.

In the district court a motion to dismiss the appeal was overruled, and the petitioner asks in this proceeding that that court be prohibited from trying the case upon the appeal. The application is based upon the ground that there can be no appeal from a case in a justice's court until it has been tried upon the merits, and it is said that if the justice improperly dismissed the action, the plaintiff should apply for a writ of *mandamus* to compel him to go on and try it. But the justice having acted in the matter by dismissing the action, no matter how erroneous the order, *mandamus* will not lie to compel him to proceed with the trial. (*State* v. *Wright*, 4 Nev. 119; *Floral Springs Water Co.* v. *Rives*, 14 Nev. 431.)

It is also contended that the plaintiff's remedy is to apply for a writ of certiorari to annul the order of the justice dismissing the action. But, under our statute, certiorari will not lie where there is an appeal, so if there is an appeal permitted in this case, certiorari would be no remedy. (*Connery.* v. *Swift*, 9 Nev. 39.) To affirm one is to negative the other. In all the cases cited from California where the writ was issued to annul orders improperly dismissing actions or appeals, there could have been no appeal from the judgment of dismissal. Then, was an appeal authorized in this case? Gen. Stat. Sec. 3603, provides that any party dissatisfied with a judgment rendered in a justice's court may appeal therefrom to the district court of that

county.   No limitation is placed upon this right of appeal, and it cannot be denied that under this section the right existed here; the only condition is that a judgment shall have been rendered with which the party is dissatisfied, and that was the case with the plaintiff.   That the dismissal of a case is a final judgment from which an appeal will lie, has so often been decided that a citation of authorities seems almost superfluous. (*Zoller* v *McDonald*, 23 Cal. 136; *Dowling* v. *Polack*, 18 Cal. 625; *Bowie* v. *Kansas City*, 51 Mo. 454; *Gill* v. *Jones*, 57 Miss. 367.)

But in Sec. 3604, Gen. Stat. it is provided that upon the appeal the case shall be tried " anew; " and, upon the theory that this case was not tried in the justice's court, it is said that it cannot be tried anew, and as that is the only method of disposing of an appeal, it follows that, notwithstanding the broad language of section 3603, there can be no appeal here.   I am of the opinion, however, that no such narrow and technical construction should be placed upon this section.   To do so is not only to override the language of the preceding section, but is to upset a whole harmonious system, by placing too much stress upon the strict literal meaning of the one word " anew"—a meaning that it is apparent the legislature never intended to have.   This, it seems to me, an examination of the whole statute makes clear.   After granting, by section 3603, the unlimited right of appeal already mentioned, it, of course, became necessary to determine how the appeal should be disposed of in the district court.   Should that court be given the power to affirm or modify the judgment, or if errors were found, to reverse it for a new trial in the justice's court, or without regard to whether errors had or had not been committed in the lower court, should it be tried anew in the district court?   The latter course was decided upon.   No matter how just the judgment of the justice may be, or how free from errors, the case is to be tried anew in the appellate court.   It was clearly the intention of the lawmakers that after the appeal the case should be entirely disposed of in the district court, without returning it again to the justice's court, and without regard to how the previous judgment had been reached. Section 3604 was intended to deal alone with the mode of procedure upon the appeal, and it seems unreasonable to suppose that it was intended therein to place a limitation upon the right

of appeal so freely given by the preceding section. So far as the justice's court is concerned, although the merits of the action have not been passed upon, this cause has been tried; the justice has tried all that in his judgment there was to be tried; he has disposed of it by rendering judgment for the defendant; that is the end of the case in his court. After that the right of appeal exists, and if exercised, the cause is then entirely in the district court. By this method of procedure one appeal disposes of the whole controversy, when if we were to adopt the petitioner's views, a writ of certiorari would first be necessary to annul the erroneous order of the justice, after which would follow a trial in that court, and then without regard to the result there an appeal to the district court would still be in order. If a correct and proper judgment will not bar an appeal, to be followed by another trial, common sense requires that an erroneous one should not have that effect. In my judgment the view that an appeal will lie in such a case is not only supported by the statute, but is required by every consideration of expediency and economy.

Owing to the difference between the California statute and ours, the cases from that state are but little in point, but as far as they are, they support the views here expressed. In that state appeals from a justice's court are allowed either upon questions of law or questions of fact. If taken upon questions of law, the appellate court can affirm or modify the judgment, or reverse the case for a new trial in the justice's court; but if taken upon questions of fact, the only method of disposing of the appeal is to try the case anew. Under this statute it is held that there can be no appeal upon questions of fact until they have first been tried in the justice's court. This is perhaps in accordance with the intention of their statute, for until a question of fact has been tried, there can be no occasion to appeal from it, and all errors of law are to be corrected by an appeal upon questions of law. But not so with us. Our statute allows but one appeal, and by that one appeal both questions of law and questions of fact are to be taken to the higher court, and then all errors are to be disposed of by retrying the case. Under the California statute, in such a case as the one in hand, the error would be corrected by an appeal upon a question of law The courts of that state have never held, as petitioner's counsel seems to suppose, that there can be no appeal in such cases; but only

that there can be no appeal upon questions of fact. (*Ketchum* v. *Superior Court,* 65 Cal. 494; *Myrick* v. *Superior Court,* 68 Cal. 98.)

Nothing contrary to the conclusion here announced was decided in *Martin* v. *District Court,* 13 Nev. 85. It was there held that where the defendant had made default—where no issue either of law or fact was made in the justice's court—there could be no appeal, because there was nothing to try upon the appeal. But here an answer was filed and issues of fact made in the justice's court, besides the issue of law as to whether the action was properly dismissed. In fact, to some extent that case is against the position of the petitioner that there can be no appeal until after the merits have been tried in the justice's court, for it was expressly stated that a party could appeal upon issues of law, and those issues would be triable in the district court. While for these reasons it is unnecessary to consider the case further, it may well be doubted as to whether a too contracted view of the statute was not there taken. An appeal is the most direct, expeditious and simple remedy for any errors in the justice's court that can be suggested, and, unless the statute clearly prohibits it, such a construction should be adopted as will advance that remedy instead of unnecessarily hampering it, to the end that cases may be disposed of upon their merits instead of upon technicalities. These considerations have compelled the California courts, contrary to their first rulings (*People* v. *County Court,* 10 Cal. 19), to hold that other issues than those made in the justice's court may be made and tried in the appellate court. (*Kills* v. *Superior Court,* 62 Cal. 203; *Ketchum* v. *Superior Court,* 65 Cal. 494.)

If our statute will not permit of such construction, it should be so amended that it will, for frequently, without this right, the merits of a case can never be reached or determined. The writ must be dismissed. It is so ordered.

MURPHY, C. J., concurring:

I concur in the judgment of dismissal. The fact that a court might act irregularly in matters in which it has jurisdiction over some of the questions involved in the appeal will not warrant the issuance of the writ of prohibition. Such a writ cannot be used to prescribe what a court shall or shall not consider in a matter before it. To do so would be to interfere with the

judicial functions of the court. (High, Extr. Rem. Sec. 772.)

I cannot concur in the conclusion reached by Justice Bigelow that certain words written in the printed form of the notice of appeal should be disregarded—the court acquires · its jurisdiction through the notice of appeal—nor that the district court can proceed and try the case on any other issues except such as were passed upon in the justice's court.

For the foregoing reasons, I concur in the judgment of dismissal, but dissent from the views expressed on the other points.