[No. 18371.   Department One.—March 30, 1895.]

HOLBROOK, MERRILL & STETSON, A CORPORA-
TION, PETITIONER, v. SUPERIOR COURT OF
SACRAMENTO COUNTY, A. P. CATLIN, JUDGE,
RESPONDENT.

JUSTICE'S COURT—OBJECTION TO JURISDICTION—APPEAL—QUESTIONS OF
LAW AND FACT.—Where a defendant, sued in the justice's court of a
county having no jurisdiction of the action, objected to the jurisdiction
by a motion to dismiss the action, and also by special demurrer, and
afterwards, not waiving his motion or demurrer, in his answer to the
merits pleaded in a separate defense facts showing that the court had
no jurisdiction, if all of his objections to the jurisdiction were overruled
and the case determined upon the merits, the defendant may appeal to
the superior court upon questions both of law and fact, and is not bound
to take only the question of jurisdiction to the superior court upon a
statement of the case.

ID.—DECISION OF JURISDICTION UPON APPEAL.—It is proper for the supe-
rior court to dispose of the defense of want of jurisdiction before con-
sidering the merits of the case upon the appeal.

ID.—WRIT OF REVIEW.—A writ of review will not lie where there is no
excess of jurisdiction, even though there may be error in the decision
of the court sought to be reviewed.

WRIT OF REVIEW to the Superior Court of Sacramento
county.

The facts are stated in the opinion.

*L. T. Hatfield,* for Petitioner.

The defendant waived all objections to the jurisdic-
tion of the justice's court by voluntarily asking time in
which to answer, and in going to trial upon the merits
without taking an appeal on the questions of law, and
therefore it was the duty of the court to try the action
anew.   (Code Civ. Proc., secs. 890, 975, 976, 980; *South-
ern Pac. R. R. Co.* v. *Superior Court,* 59 Cal. 472–76;
*Sherer* v. *Superior Court,* 94 Cal. 354–57; *Bullard* v. *Mc-
Ardle,* 98 Cal. 358, 359; 35 Am. St. Rep. 176; *Handy* v.
*Insurance Co.,* 37 Ohio St. 369; *Blackburn* v. *Sweet,* 38
Wis. 580; *Coad* v. *Coad,* 41 Wis. 26; *Belknap* v. *Charlton,*
25 Or. 41; *Anglo-American Packing etc. Co.* v. *Turner
etc. Co.,* 34 Kan. 340.)   As the superior court exceeded

its powers, the writ of review is the only remedy available to the plaintiff, petitioner herein. (*Sherer* v. *Superior Court, supra; Bullard* v. *McArdle, supra;* Code Civ. Proc., sec. 1068; *Carlson* v. *Superior Court,* 70 Cal. 628.)

*F. E. Baker,* for Respondent.

The objection to the jurisdiction was not waived by the appearance of the defendant and his answer to the merits, as he specially objected to the jurisdiction. (*McLaughlin* v. *Shannon,* 3 Tex. Civ. App. 138; *Bear* v. *Kempner,* 3 N. Y. Supp. 529; *Deidesheimer* v. *Brown,* 8 Cal. 339; *Gray* v. *Hawes,* 8 Cal. 569; *Lyman* v. *Milton,* 44 Cal. 630; *Kent* v. *West,* 50 Cal. 186; *Powers* v. *Braly,* 75 Cal. 237.)

HAYNES, C.—This is a proceeding to review the action of the superior court of the county of Sacramento, Hon. A. P. Catlin, judge, in a cause wherein the petitioner was plaintiff and Samuel Caldwell was defendant.

The petitioner commenced an action in the justice's court, in the county of Sacramento, against said Caldwell, a resident of Woodland township, in Yolo county, alleging in the complaint that the defendant promised to pay the moneys sued for to the plaintiff at the city of Sacramento, and service was made upon the defendant in Yolo county.

The defendant appeared specially in the justice's court and served and filed notice of a motion to dismiss the action based upon the complaint in the action, the return of service upon the defendant, and an affidavit of the defendant showing that he was a resident of Woodland township, Yolo county, and stating facts tending to show that the liability upon which the suit was brought was a contract made and to be performed in said Yolo county.

This motion was noticed for March 28th, which was one day after the time for answering expired, and, to avoid a default, defendant obtained an extension of time to answer until March 30th. In the mean time defendant

filed a demurrer to the complaint for want of facts, and also, specially, that the court had no jurisdiction, and afterwards, not waiving his motion or demurrer, answered to the merits, and in a separate defense stated facts showing the court had no jurisdiction. His motion to dismiss was denied, a trial was had, the plaintiff had judgment, and defendant appealed to the superior court upon questions both of law and fact.

In the superior court the case was regularly set for trial, and defendant gave notice of a motion to dismiss the action upon the same grounds urged before the justice of the peace.  This motion was continued until the day set for the trial.

The plaintiff opposed the motion, insisting that if defendant ever had any ground for dismissal he had waived it by filing a demurrer and answer to the merits, by going to trial upon the merits, and taking an appeal on questions of both law and fact without a statement of the points upon which he relied, and that the court had no jurisdiction to do any thing but try the case *de novo*.  The court overruled the objection, and plaintiff excepted.

The return made by respondent then states as follows: " Whereupon evidence was introduced by the respective parties upon the question of defendant's residence, and the place where plaintiff's alleged cause of action arose and was to be performed, and the plea to the jurisdiction submitted to the court for decision."

The court thereupon found that defendant's residence was at all times at Woodland township, Yolo county, that the alleged cause of action arose and was to be performed there, that the summons was served in Yolo county, that defendant appeared and first objected to the jurisdiction of the justice before whom the action was brought, and had continually objected and never consented to a trial upon the merits, nor waived his right to a trial in the proper township, and that the justice who tried the cause had no jurisdiction to try the

cause upon its merits, and thereupon the superior court dismissed the action.

The vital question in the case is whether Caldwell was authorized by law to take the appeal in the form in which it was taken.   If he could only appeal upon questions of law raised by his objection to the place of trial the only judgment the superior court was authorized to enter was that of affirmance or reversal; but if the appeal was rightfully taken upon questions of both law and fact, thus bringing up the whole case, the jurisdiction of the superior court was not exceeded in dismissing it.

Counsel for petitioner relies upon section 890 of the Code of Civil Procedure (relating to justices of the peace), which provides: "Judgment that the action be dismissed without prejudice to a new action may be entered with costs in the following cases: . . . . 4. When it is objected at the trial, and appears by the evidence, that the action is brought in the wrong county, or township, or city; but, if the objection is taken and overruled, it is cause for reversal on appeal, and does not otherwise invalidate the judgment; if not taken at the trial it is waived."

Under this section it is not essential that the defendant appear specially and move to dismiss the action, but the objection may be taken by answer and urged upon the trial, but "if not taken at the trial it is waived."

In this case the defendant not only objected to the jurisdiction of the justice by motion, but also by demurrer and answer; and, as the objection is expressly authorized to be taken upon the trial, it is clear that the defendant did not waive the objection by his answer, which contained the objection, and submitting to a trial upon the merits when his objection to the jurisdiction was overruled.   But counsel further insists that defendant should have appealed upon questions of law and brought up the evidence by a statement.   This contention seems to be based upon the provision in said section, that " if the objection be taken and overruled it is

cause only of reversal upon appeal and does not otherwise invalidate the judgment."

If a defendant sued in the wrong county had no defense upon the merits, and his objection to the jurisdiction is overruled, there would be no object in taking an appeal upon any other question, and, so far as that ground is concerned, it could only result in a reversal of the judgment; but it was certainly not the purpose of this section to prevent the defendant, when he conceived the judgment to be wrong upon the merits also, of having his appeal upon both questions, and this he could only have by appealing upon questions of both law and fact; and in such case no statement is required. Such appeal absolutely vacates the judgment in the justice's court, since upon such appeal the case is heard *de novo*, and the judgment of the superior court is executed just as though the case had originally been brought therein, and is not remitted to the justice's court for any purpose. (*Bullard* v. *McArdle*, 98 Cal. 355; 35 Am. St. Rep. 176.)

If the construction of section 890 of the Code of Civil Procedure, above given, is correct, it is obvious that the numerous authorities cited to the effect that a general appearance, as by answering to the merits, waives the question of jurisdiction over the person of the defendant, can have no application here.

It is further contended by the petitioner that, the appeal having been taken upon questions of both law and fact, the action must be tried anew in the superior court, and hence that the court had no jurisdiction to dismiss it upon motion, citing section 976 of the Code of Civil Procedure. As the superior court acquired jurisdiction over the cause by the appeal, all proper proceedings in the cause thereafter were as fully within the power of that court as if the cause had been commenced therein; and, if it be conceded that the court should have refused to hear the motion and should have determined the question of jurisdiction upon the plea contained in defendant's answer, it could only be said

that the court erred, not that it exceeded its jurisdiction. The return made by respondent to the writ shows, however, that defendant's plea to the jurisdiction was submitted, and it was proper to dispose of that defense before considering the merits.

The writ should be dismissed.

BELCHER, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the writ of review heretofore granted herein is hereby dismissed.

HARRISON, J., VAN FLEET, J., GAROUTTE, J.