[No. 12.   Second Appellate District.—June 5, 1905.]

## W. L. ARMANTAGE, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

CERTIORARI—JUDGMENT UPON APPEAL FROM JUSTICE'S COURT—QUESTIONS OF LAW AND FACT—TRIAL BY JUSTICE WITHOUT LEGAL NOTICE.—*Certiorari* will not lie to review a judgment of the superior court rendered after trial therein, upon an appeal from a justice's court taken upon questions of law and fact, notwithstanding the trial was had in the superior court ,without the presence of the appellant, and without the notice required by section 850 of the Code of Civil Procedure.

ID.—JURISDICTION OF JUSTICE'S COURT NOT INVOLVED—ERROR IN SUPERIOR COURT NOT REVIEWABLE.—The jurisdiction of the justice's court is not involved in the petition for *certiorari* to review the judgment of the superior court, and conceding, without deciding, that it was error for the superior court to try the case upon appeal, its action in overruling an objection thereto was within its jurisdiction, which involves the power to decide wrong as well as right,

ID.—ORIGINAL JURISDICTION OF SUPERIOR COURT.—Where an appeal is taken from a justice's court on questions of fact or questions of law and fact, the superior court has original jurisdiction to try the case without a statement if there was any trial of issues in the justice's court, with or without jurisdiction.

PETITION for Certiorari to review a judgment of the Superior Court of Los Angeles County rendered upon appeal from a justice's court.

The facts are stated in the opinion of the court.

J. E. Light, for Petitioner.

J. D. Bethune, for Respondent.

GRAY, P. J.—This is an application for a writ of *certiorari*, otherwise called the writ of review.

The facts are, that E. B. Multer commenced an action in the justice's court against Armantage, the plaintiff herein. Summons was duly served on Armantage, who thereafter demurred to the complaint, and on said demurrer being overruled, answered.   The case was thereafter set down for trial. The notice that the case had been set for trial was not served

like a summons, as is required by section 850 of the Code of Civil Procedure, but was served by mail only.  Armantage did not appear at the time fixed for trial, and the justice at said time tried the case in the absence of Armantage and rendered judgment against him.  Thereafter Armantage duly appealed to the defendant, the superior court, on questions of both law and fact.  The case was set for trial in the superior court.  The appellant appeared and objected to a trial, and asked that the judgment of the justice be reversed and the cause remanded to the justice's court.  The superior court refused to make such order, but proceeded, against the objections and exceptions of the appellant, Armantage, to try the issues of fact, and rendered judgment against Armantage for two hundred and fifty dollars and costs.

It is contended that the superior court had no jurisdiction on the appeal to do anything in the case except reverse the judgment and order the case back to the justice's court in accordance with the demand of the appellant.

"When a party appeals to the superior court on questions of fact, or on questions of both law and fact, no statement need be made, but the action must be tried anew in the superior court."   (Code Civ. Proc., sec. 976.)

The above section is perfectly intelligible, and if it were to have a literal construction it would seem that the appeal having been taken on questions of both law and fact, the court in trying the case anew pursued the only course left open to it under the statute.  But it is said that the supreme court has held that where no trial of the case has been had in the justice's court, it is the duty of the superior court to reverse the case for error of law and order the case back to the justice's court for further proceedings.  Such seems to be the rule laid down by the supreme court, where the appeal was taken on both questions of law and fact.  (*Myrick* v. *Superior Court*, 68 Cal. 98, [8 Pac. 648].)  In that case, however, nothing in the shape of a trial had been had in the justice's court, and no question as to the proper office of the writ of *certiorari* is made or discussed.

The above-quoted section of the Code of Civil Procedure was adopted for the purpose of expediting litigation in justices' court.  It was recognized that if the same procedure was to be followed on appeals to the superior court that is

pursued on appeals to the supreme court, it would follow that, skillful advantage being taken of such procedure, it might be made practically impossible in some cases to secure a final judgment of any value in the justice's court. And so they gave the superior court by this statute what may be termed an original jurisdiction to try the case, where the appeal was taken on questions of fact, or on questions both of law and fact. (*Bullard* v. *McArdle,* 98 Cal. 355, [35 Am. St. Rep. 176, 33 Pac. 193] ; *Maxon* v. *Superior Court,* 124 Cal. 468, [57 Pac. 379].) This wise purpose of the statute must be disregarded if the judgment of the superior court is annulled, as prayed for in the petition herein. The justice's court no doubt tried the case without any jurisdiction so to do. (*Elder* v. *Justice's Court,* 136 Cal. 364, [68 Pac. 1022].) But how do we know that if the case is sent back to him he will not try it again without having acquired jurisdiction? If it is sent back to him a second and a third time, or any number of times, he may continue to try it without having obtained jurisdiction so to do. It is said that no trial has been had in the justice's court because the trial was a nullity. Let this be granted, and yet the delay is the same, and the object of the statute is as effectively defeated when the case is sent back after a trial *without* jurisdiction as it is when it is sent back after a trial had *with* jurisdiction.

Moreover, it is not the question of the jurisdiction of the *justice court* that is involved in this case. The petition here is aimed at the judgment of the superior court rendered on the appeal, and the question is, Was that judgment rendered without jurisdiction? The petitioner appealed the case, and by virtue thereof gave the superior court jurisdiction of the cause, as well as of the persons of all the parties to the suit. It was not required that notice of the trial should be served "the same as a summons" before trial could be had in the superior court. All the *jurisdictional* steps leading to a trial of the case *de novo* in the superior court had been taken when the appeal on questions of both law and fact had been perfected (unless, possibly, it might be held that the five days' notice of the trial required by section 594 of the Code of Civil Procedure was jurisdictional, but it is not here contended or shown that such notice was not given, and it will be presumed that it was given). The very first thing that the court was

called upon to do in the exercise of the jurisdiction thus conferred upon it by the appeal was to construe said section 976 of the Code of Civil Procedure and determine whether he would try the case or send it back. Let it be conceded, without deciding the question, that, under the statute as heretofore construed by the supreme court, the superior court should have sustained the objection of the appellant to trying the case and should have granted his request to reverse the judgment of the justice and send the case back; yet the refusal was only error. If these objections had not been made, or if the appellant had failed entirely to appear after his appeal was perfected, and a trial, after the five days' notice, had been had in his absence in the superior court, there could have been no question as to the validity of the judgment following such trial. The court had the same *jurisdiction* to overrule appellant's objections that it had to sustain them, or to proceed to judgment in the appellant's absence. Jurisdiction is the power to decide—wrong, as well as right.

The fact is, the petitioner here, having no appeal from the decision of the superior court, is endeavoring to substitute *certiorari* for an appeal, and thereby have reviewed the objections made and the exceptions taken in the superior court that he is prohibited from having reviewed upon appeal. This he may not do. It has been held in every late case in our supreme court, where the question has been squarely raised, that *certiorari* goes only to the jurisdiction or power of the court to act, and can never be substituted for an appeal to review the mere errors of a judicial tribunal. (*Borchard* v. *Supervisors,* 144 Cal. 10, [77 Pac. 708]; *Valentine* v. *Police Court,* 141 Cal. 615, [75 Pac. 336]; *Wittman* v. *Police Court,* 145 Cal. 474, [78 Pac. 1052]; Code Civ. Proc., sec. 1068.)

The petition for the writ is therefore denied.

Allen, J., concurred.

SMITH, J., concurring.—I concur, with some hesitation, in the conclusion reached by the majority of the court. By the provisions of the Code of Civil Procedure bearing upon the subject, the party appealing from the judgment of the justice's court is allowed thirty days after the rendition of judgment to perfect his appeal (sec. 974). In the following

section two methods of appeal are provided, namely: 1.
Within ten days on a statement of the case, on questions of
law alone; 2. Within thirty days without a statement, on ques-
tions of fact or of law and fact. In the latter case, the pro-
ceeding is not, properly speaking, an appeal; nor is the judg-
ment said to be appealed from *reversed,* as it would be—if
found erroneous—on appeal. But the judgment is vacated
by the mere act of the so-called appellant, in the exercise of
his option, and the cause transferred for all purposes to the
superior court; which thereupon acquires original, or quasi-
original, jurisdiction of the case. (*Bullard* v. *McArdle,* 98
Cal. 358, [35 Am. St. Rep. 176, 33 Pac. 193]; *Holbrook* v.
*Superior Court,* 106 Cal. 593, [39 Pac. 936].) The plain
meaning of these provisions, therefore, seems to be, that the
losing party shall have the option either of appealing from
the judgment (in the ordinary sense of the term, appeal) on
questions of law only, or of vacating the judgment, and trans-
ferring the case for trial of all issues, whether of law or fact,
to the superior court; and that the latter course is equally
open to him, whether the case has been disposed of in the jus-
tice's court, either before or after a trial of the issues of fact
in that court. Nor is the language of the act inapplicable to
cases where there has been no trial of issues of fact, or even
where no issue of fact has been joined. For the expression
"questions of fact" may be taken to refer to the issues of fact
in the case, generally,—that is to say, not only to the issues
actually made in the justice's court, but also to those there-
after arising either in that or the superior court. Otherwise—
as was once supposed—the pleadings could not be amended in
the superior court. (*Kitts* v. *Superior Court,* 62 Cal. 203;
*Ketchum* v. *Superior Court,* 65 Cal. 494, [4 Pac. 492]; *Baker*
v. *Southern Cal. Ry. Co.,* 114 Cal. 506, [46 Pac. 604].) In-
deed, "there is . . . some reason for the suggestion that the
legislature intended this to be the result of all appeals, and
that on an appeal on questions of law alone the cause should be
considered as in the superior court for all purposes, and if the
trial of issues of fact should be found necessary, it should be
had in the superior court." (*Maxon* v. *Superior Court,* 124
Cal. 470, [57 Pac. 379].) But, however this may be, it seems
at least to be clear that where the appeal is taken "on ques-
tions of fact" or "on questions both of law and fact," such

was the effect intended. (*Bullard* v. *McArdle,* 98 Cal. 358, [35 Am. St. Rep. 176, 33 Pac. 193]. See, also, *Sanborn* v. *Contra Costa County,* 60 Cal. 426-427; *Curtis* v. *Superior Court,* 63 Cal. 436.) Nor is there anything inconsistent with this view in the provision of section 976 of the Code of Civil Procedure, that in such case "the action must be tried *anew* in the superior court." For the expression here used will apply equally to trials of issues of law as of fact. (Code Civ. Proc., secs. 591, 592.)

It is, indeed, difficult to reconcile this conclusion with the decisions holding that on appeal from a judgment in a justice's court on questions of fact, the superior court has jurisdiction only to "retry the issues tried in the court below"; or, as otherwise expressed, that "the issues of *fact* cannot be tried *anew* in the superior court until after they have been tried in the justice's court." (*People* v. *El Dorado County Court,* 10 Cal. 19; *Funkenstein* v. *Elgutter,* 11 Cal. 328; *Rickey* v. *Superior Court,* 59 Cal. 661; *Southern Pacific R. R. Co.* v. *Superior Court,* 59 Cal. 471; *Myrick* v. *Superior Court,* 68 Cal. 98, [8 Pac. 648]; *Fabretti* v. *Superior Court,* 77 Cal. 305, [19 Pac. 481].) But leaving out of view the objection that this reasoning seems to come within the application of the maxim *Qui haeret in litera, haeret in cortice,* these cases have, in effect, been overruled by the cases sited *supra,* holding that amendments of the pleadings may be allowed in the superior court—thus creating new issues that have never been tried, and which, therefore, according to the reasoning of these cases. cannot be tried *anew.* The leading case has also been overruled on every point involved in it. That case was the dismissal of an appeal from a judgment by default in the justice's court "on questions both of law and fact," and *mandamus* to compel a trial in the superior court, which was denied on the grounds that the appeal on the questions of law was unavailable, because there was no statement and the appeal "on questions of fact" equally so, because there were no issues of fact in the justice's court, and therefore "no questions of fact to try." (*Ketchum* v. *Superior Court,* 65 Cal. 495, [4 Pac. 492].) But the latter point was in effect overruled by the case cited, and other cases cited *supra,* in holding that the pleadings might be amended in the superior court; and the former expressly by the case of *Southern Pa-*

*cific R. R. Co.* v. *Superior Court,* 59 Cal. 474. And in the case
of *Lewis* v. *Barclay,* 35 Cal. 214, which was similar, it was
held that the dismissal of the appeal was an exercise of juris-
diction, and could not be reviewed "by *mandamus* nor, in-
deed, by any other means"; and it was said, in effect, that
in the principal case this point had not been made, and hence
the case could not be regarded as authority upon the question
as to the remedy, or, in other words, upon the question of
jurisdiction. The case was, therefore, not authority for the
decision in *Rickey* v. *Superior Court,* 59 Cal. 661, and *Myrick*
v. *Superior Court,* 68 Cal. 98, [8 Pac. 648], or for what is said
in *Fabretti* v. *Superior Court,* 77 Cal. 305, [19 Pac. 481], and
in *Maxson* v. *Superior Court,* 124 Cal. 471, [57 Pac. 379],
The remaining case (*Southern Pacific R. R. Co.* v. *Superior
Court,* 59 Cal. 474) is based upon the special ground that no
jurisdiction had been obtained of the person of the defendant.

It is also to be observed that neither in the principal case
nor in the cases affirming it was the question considered
whether the action complained of was mere error or in ex-
cess of jurisdiction; though the former view seems to be
affirmed in *Lewis* v. *Barclay,* 35 Cal. 214, and in *Holbrook*
v. *Superior Court,* 106 Cal. 593, [39 Pac. 936].

A petition to have this cause heard in the supreme court
after judgment in the district court of appeal was denied by
the supreme court on August 4, 1905.