[Civ. No. 272.   Third Appellate District.—August 6, 1906.]

E. M. NULL, Petitioner, v. SUPERIOR COURT OF SHASTA COUNTY and C. M. HEAD, Judge, Respondents.

JUSTICE'S COURT—JURISDICTION OF SUPERIOR COURT—TRIAL DE NOVO—QUESTION OF LAW—IMPROPER JUDGMENT—CERTIORARI.—The superior court has no jurisdiction to try a case *de novo* on appeal from the justice's court, where no issues of fact have been tried in the justice's court.  If the only question presented is one of law as to the jurisdiction of the justice's court, it is the duty of the superior court to affirm or reverse the decision, and, if reversed, to remand the case for trial upon the issues of fact; and where it has improperly tried such an appeal *de novo* and rendered judgment thereon, its judgment will be annulled upon *certiorari*, if it is not made to appear that the judgment rendered was voluntarily paid by the defendant.

ID.—REVIEW UPON CERTIORARI—PAYMENT OF JUDGMENT—LEGAL COMPULSION—VOLUNTARY PAYMENT—BURDEN OF PROOF.—If the payment of the judgment improperly rendered in the superior court, upon which execution might be issued, was upon legal compulsion, it may be reviewed upon *certiorari,* but not if the payment was voluntary.  But where a voluntary payment is pleaded by the respondent to the writ of review, the burden is upon him to show that fact, and it will not be presumed.

ID.—POWER OF COURT ON DETERMINING QUESTION OF LAW.—The superior court still has jurisdiction to determine the question of law raised by the appeal; nor will this court anticipate its decision, or direct what it should be.  In determining the jurisdiction of the justice's court appealed from, the superior court may consider all the facts touching the institution of the action, and its history thereafter, and the steps taken by the respective parties.

PETITION for writ of review to annul a judgment of the Superior Court of Shasta County rendered upon appeal from a justice's court.   C. M. Head, Judge.

The facts are stated in the opinion of the court.

Reid & Dozier, and J. H. Creighton, for Petitioner.

Braynard & Kimball, for Respondents.

CHIPMAN, P. J.—The following facts appear from the petition and the return: Petitioner is a resident of Shingletown township, Shasta county, and executed his promissory note, of which the following is a copy:

"$30.40 ·                    Shingletown, Cal., Aug. 6, 1902.

"One day after date I promise to pay to the J. F. Bedford Co. or order, thirty & 40-100 dollars, interest at ten per cent per annum.                    E. M. NULL."

The payee commenced an action on said note against the maker (petitioner here) in the justices' courts of Anderson township, said county, at which time the maker was a resident of Shingletown township; summons was issued in said action and was served in Redding township, said county, and was returned and filed with the justice of the peace in Anderson township; the defendant in that action filed a demurrer to the complaint for insufficiency of facts and that the court "has no jurisdiction of the person of the defendant or the subject of the action," which was overruled, and the defendant answered alleging part payment and tendering the amount still alleged to be due plaintiff; subsequently, defendant (petitioner here) moved, on affidavit, for a change of the place of trial on the ground of bias of the justice of the peace; the motion was granted and the cause transferred to Redding township. It appears that upon the filing of the papers with the justice of the peace of Redding township, plaintiff filed an amended complaint to which defendant answered, and on June 16, 1905, the cause came on for trial; defendant objected to the trial on the ground that "neither the justice's court of Anderson township nor the justice's court of Redding township had jurisdiction of the person of defendant or of the cause of action."

The said justice of the peace of Redding township rendered the following decision: "After due consideration of the law as well as the facts in the case, the court finds that it is without jurisdiction in the matter; that the cause should be properly tried in Shingletown township," and judgment passed for defendant for costs. It further appears that plaintiff in that action perfected its appeal to the superior court, giving notice that the appeal was "taken on questions of both law and fact," and on July 14, 1905, all the papers in the ac-

tion were certified to the superior court and on October 27, 1905, the cause came on for trial in said court, the plaintiff, by leave of court, having amended its complaint so as to allege that defendant, since the execution of said note, promised and agreed in writing to pay said promissory note and all sums due and to become due thereon, at Anderson, in Anderson township. Before proceeding with the trial, defendant (petitioner herein) "objected to the trial of said cause and to the hearing in said superior court on the ground that neither the superior court nor the justice's court of Anderson township, in which the action was instituted, had any jurisdiction of the person of the defendant or of the cause of action." The court overruled the objection and proceeded with the trial and "entered judgment for plaintiff as prayed for in the complaint."

The return to the writ consists of the certified papers and various steps taken in the case to final judgment in the superior court.

There is an answer to the petition for the writ, verified by one of the attorneys of defendant herein. It sets forth facts relating to the proceedings had in the two justices' courts where the case was pending on its way to the superior court, some of which we do not deem material in the view of the matter we have taken. It is alleged among other things that the trial, or hearing, such as it was, in the justices' court of Redding township was by consent of both parties; that a trial was duly had before said justice, a jury having been waived, witnesses sworn and examined on the part of both parties and the cause submitted to the court for its decision and judgment; that the matter was taken under advisement and the "said justice duly made, rendered and entered his judgment in said matter after consideration of the law as well as the facts, which said judgment was against the plaintiff herein and in favor of petitioner herein for his costs." It is also alleged that at the trial in the superior court "petitioner did not make any special appearance or objection to the jurisdiction of said superior court, nor did he object to the hearing therein, but consented to the setting of said cause for trial and caused subpoenas to issue for witnesses in his behalf," and that witnesses were sworn and examined by both parties, but it does not appear to what issue or for what purpose they were sworn. It is further alleged that "long prior

4 Cal. App.—14

to the filing of petitioner's petition herein, petitioner freely paid the full amount of said judgment and costs, and duly received a full written receipt and satisfaction of the same," as follows:

"[Title of Court and Cause.]

"To W. O. Blodgett, Esq., County Clerk of Shasta County.

"You are hereby authorized and instructed to satisfy of record the judgment heretofore rendered in the above-entitled action, the same having this day been fully paid and discharged.

"Dated Feby. 28th, 1906.

"CHARLES H. BRAYNARD,<br>"Attorney for Plaintiff."

It is well settled by our supreme court that an action commenced in the justices' court cannot be tried anew in the superior court until the issues of fact have been tried in the justices' court. (*Southern Pacific R. R. Co.* v. *Superior Court,* 59 Cal. 471; *Rickey* v. *Superior Court,* 57 Cal. 661; *Myrick* v. *Superior Court,* 68 Cal. 98, [8 Pac. 648] ; *Fabrette* v. *Superior Court,* 77 Cal. 306, [19 Pac. 481] ; *Maxson* v. *Superior Court,* 124 Cal. 468, [57 Pac. 379] ; *Smith* v. *Superior Court,* 2 Cal. App. 529, [84 Pac. 521].)

When the justice of the peace of Redding township determined that his court was without jurisdiction, the only appeal to the superior court, available to the plaintiff, was upon a question of law and it became the duty of that court to affirm or reverse the decision of the justices' court and if reversed to remand the case for trial upon the issue of fact. (*Myrick* v. *Superior Court,* 68 Cal. 98, [8 Pac. 648].)

It is urged that there was a trial upon the issues of fact in the justices' court of Redding township. It appears that a day was agreed upon for a trial of the case and witnesses were called and examined. But it also appears that the defendant in the action objected to the jurisdiction of the court and, so far as appears, the evidence may have been, or at least some of it, directed to the question of jurisdiction. The justice seems to have regarded the question of jurisdiction as properly before him and it was the only issue decided by him. There was no trial of the merits of the action or the issues of fact and no judgment or decision on the merits or on any

issue of fact unless it be on the single issue of jurisdiction which may have involved a question of fact. In effect, the justice dismissed the case at the cost of the plaintiff.

*DeJarnett* v. *Marquez,* 132 Cal. 701, [64 Pac. 1090], is cited by respondent. There, although the justices' court had no jurisdiction, the case was tried in the superior court on an appeal from questions of both law and fact, without objection being made to the jurisdiction of the latter court, while here, as we have seen, there was objection to the jurisdiction of the superior court. Personally I venture to doubt the soundness of the decision in *DeJarnett* v. *Marquez,* 132 Cal. 701, [64 Pac. 1090].

Respondent makes a point that where a judgment has been fully paid and satisfied it will not be reviewed on *certiorari* (citing *Morton* v. *Superior Court,* 65 Cal. 496, [4 Pac. 489]; *Kenny* v. *Sparks,* 120 Cal. 24, [52 Pac. 40]; *Warner Bros.* v. *Freud,* 121 Cal. 646, [83 Am. St. Rep. 400, 63 Pac. 1017]). Where the judgment has been voluntarily paid it will not be reviewed on *certiorari* and this was the case in *Morton* v. *Superior Court,* cited by respondent. But if made under what would be regarded as legal compulsion, the judgment may be thus reviewed. (*Kenny* v. *Sparks,* 120 Cal. 22, [52 Pac. 40]; *Vermont Marble Co.* v. *Black,* 123 Cal. 21, [55 Pac. 559]; *Warren Bros. Co.* v. *Freud,* 131 Cal. 639, [83 Am. St. Rep. 400, 63 Pac. 1017].) A compulsory payment is one made to prevent seizure by a party armed with apparent authority to seize property. (*Brumagin* v. *Tillinghast,* 18 Cal. 265, [79 Am. Dec. 176]; *Bucknall* v. *Story,* 46 Cal. 599, [13 Am. Rep. 220].)

The question then here is upon whom rested the burden to show whether or not the payment of the judgment was voluntary. As respondent sets up this payment to defeat the issuing of the writ, and as all we know of the payment comes from the respondent, we think the burden was on respondent to show that payment was voluntary. The plaintiff company had a judgment on which it could have execution and there is no evidence that execution was stayed; it was in its power through execution to seize the property of defendant in the action.

The petitioner asks to have it adjudged that neither the justice's court of Redding township nor that of Anderson township ever acquired jurisdiction of the person of petitioner

or of the cause of action on said promissory note; also that the said superior court was without jurisdiction to determine the merits of the said action.

The question as to the jurisdiction of the superior court to determine the merits of the action depends entirely, in the view we take of the case, upon the failure of the justice's court to try the issues of fact, and we hold that the superior court was without such jurisdiction. Its power over the case was limited to the question of the jurisdiction of the justice's court which it should have decided and remanded the case with directions either to proceed with the trial of the issues of fact or to dismiss the case, according as the court found on that single question. We cannot anticipate the decision of the superior court or direct what it should be. It has jurisdiction to determine the question of law brought before it by the appeal. Furthermore, we cannot know what the respective parties may do when the cause is remanded; the pleadings and issues may be materially modified or changed should the superior court direct a trial of the case.

In determining the question of jurisdiction of the justice's court whence came the appeal, the superior court will take into consideration all the facts that may have been or may hereafter be submitted to it touching the institution of the action and its history thereafter and the steps taken by the respective parties.

Let the writ issue with directions to respondent to vacate the judgment in the action of *J. F. Bedford Co.* v. *E. M. Null,* petitioner herein, and to proceed thereafter to hear and determine the jurisdiction of the justice's court and to remand the cause with directions to the last-named court to either try the issues of fact or to dismiss the action according as the said superior court shall determine the question of jurisdiction of said justice's court.

Buckles, J., and McLaughlin, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 4, 1906.