[Civ. No. 1638.    Second Appellate District.—January 15, 1915.]

## T. B. WINNETT, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF LOS ANGELES, Respondent.

JUSTICES' COURTS—FAILURE OF PLAINTIFF TO APPEAR AT TRIAL—JUDGMENT FOR DEFENDANT—RIGHT OF APPEAL.—Under section 884 of the Code of Civil Procedure, relating to trials in justices' courts, where the plaintiff fails to appear at the time regularly set for the trial, the defendant has the right to proceed with the trial until, as provided in section 873 of the Code of Civil Procedure, all the issues are disposed of, and as the judgment in such case constitutes a bar to another action based upon the same claim, the only remedy for the plaintiff against a judgment for the defendant is by appeal to the superior court upon issues of both law and fact and a trial *de novo*; and a judgment of the superior court in favor of the defendant after such appeal and trial will not be annulled in a proceeding for a writ of review upon the ground that the superior court had no jurisdiction to entertain the appeal under such circumstances.

APPLICATION for Writ of Review originally made in the District Court of Appeals for the Second Appellate District to annul a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

George M. Pierson, and Collier & Clark, for Petitioner.

Hammack & Hammack, for Respondent.

SHAW, J.—Review. Petitioner was defendant in an action brought by the Adjustment Corporation in the justice's court to recover the value of certain services and material alleged to have been furnished to the defendant by plaintiff's assignor.

The case was regularly set down for trial, due notice of the time fixed therefor being given by plaintiff to defendant, who at the time specified in the notice duly appeared with his witnesses. Plaintiff, however, failed to appear, and after the expiration of one hour, as provided in section 873 of the Code of Civil Procedure, the case was called for trial, when, as appears from the return, the trial proceeded. A witness was sworn and testified on behalf of defendant; whereupon, the court determined that defendant was entitled to judgment for his costs, and "ordered and adjudged that T .B. Winnett do have and recover of and from Adjustment Corporation the sum of ———— dollars, together with costs herein incurred by defendant." Thereafter, plaintiff duly appealed from said judgment, upon questions of both law and fact, to the superior court, which, after denying a motion made by defendant to dismiss said appeal for want of jurisdiction to entertain the same, rendered judgment in favor of plaintiff. The purpose of this proceeding is to have the judgment annulled and set aside for want of jurisdiction.

Conceding, as claimed by petitioner, that an action commenced in the justice's court cannot be tried anew in the superior court until the issues of fact have been tried in the justice's court (*Null* v. *Superior Court*, 4 Cal. App. 207, [87 Pac. 392]), and that a judgment rendered under such circumstances will be annulled by this court in proceedings to review the same, we are, nevertheless, of the opinion that the record here does not bring the case within such rule.

While plaintiff alleged that defendant was indebted to it in the sum of $80.60 for labor performed and materials furnished, the defendant .by his answer denied such allegation. Section 884 of the Code of Civil Procedure, relating to trials in justices' courts, provides: "If either party fails to appear at the time fixed for trial, the trial may proceed at the request of the adverse party." Under this section, defendant had the right to proceed with the trial until, as provided in section 873 of the Code of Civil Procedure, all the issues were disposed of. The issue here involved was whether or not defendant was indebted to plaintiff as alleged in the complaint, and upon the evidence introduced the court found that he was not. In our opinion, the judgment rendered by the justice of the peace would have constituted a bar to another action based upon the same claim, and, if this be true, then clearly the only remedy for plaintiff was by appeal to the superior court upon issues both of law and fact and a trial *de novo,* which was had.

The record discloses that a trial was had upon the merits of the case as the issues were tendered in the justice's court. Hence, the writ must be dismissed, and it is so ordered.

Conrey, P. J., and James, J., concurred.