[Department One. — May 30, 1883.]

FRANK CURTIS, PETITIONER, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, AND F. W. LAWLOR, JUDGE, RESPONDENTS.

PROHIBITION — APPEAL FROM JUSTICES' COURT — NEW TRIAL IN SUPERIOR COURT — JURISDICTION. — In an action in the Justices' Court of the city and county of San Francisco, wherein one Wilhelm was plaintiff, and the petitioner herein defendant, a judgment was rendered in favor of plaintiff. The defendant had answered denying all the allegations of the complaint, but failed to appear at the trial, whereupon the court gave judgment without the introduction of any evidence. The defendant appealed on questions of law alone, and the Superior Court reversed the judgment, and ordered a new trial in that court. The petitioner asked that the Superior Court and judge thereof be restrained by prohibition from trying the case. *Held*, that the new trial was properly ordered to take place in the Superior Court, and that the writ be denied.

APPLICATION for a writ of prohibition.

*Carroll Cook,* for Petitioner.

*William Reade,* for Respondents.

PER CURIAM. — A judgment was rendered in the Justices' Court in favor of the plaintiff, and against the defendant in an action, wherein one A. Wilhelm was plaintiff, and this petitioner defendant, from which the defendant appealed " on questions of law." The judgment was reversed, and a new trial ordered in the Superior Court. Petitioner prays the Superior Court, and judge thereof may be restrained by prohibition from trying the case.

The demand of petitioner herein is not sustained by *Rickey* v. *Superior Court,* 59 Cal. 661; nor by *Sanborn* v. *Superior Court,* 60 Cal. 425. In the first of the cases it was said that on an appeal by defendant from a judgment taken against him by default in the Justices' Court, the Superior Court acquired no jurisdiction to allow the defendant to file an answer and to retry the case. *Rickey* v. *Superior Court* is not like the case now before us. The return shows that in *Wilhelm* v. *Curtis* (the petitioner), the defendant answered in the Justices' Court, and the statement provided for in section 975 of the Code of

Civil Procedure was filed the appeal being "on questions of law alone."

In the action considered in *Sanborn* v. *Superior Court,* the appeal from the Justices' Court was by the petitioner for the writ of prohibition. It was said by this court that the party thus invoking by his own act the jurisdiction of the Superior Court, ought not to receive the benefit of the writ to which he was entitled only on the theory that the Superior Court had no jurisdiction to proceed.

In the case brought before us in *S. P. R. R. Co.* v. *Superior Court,* 59 Cal. 471, the justice had not acquired jurisdiction of the person of the defendant, but, nevertheless, without any general appearance on the part of the defendant the justice rendered a judgment against the *plaintiff,* from which the plaintiff appealed. It was held the Superior Court had no power on such appeal to order the defendant to file an answer, etc., because by plaintiff's appeal the Superior Court only acquired jurisdiction to affirm or reverse the justice's judgment.

In the case we are now considering, an issue of fact was joined in the Justices' Court. If the statement prepared by the defendant therein showed that the justice erred in giving judgment for the plaintiff, *without sufficient or any evidence,* this was error for which the Superior Court was justified in reversing the judgment and ordering a new trial. When the defendant fails to appear at the trial the justice "may proceed" with the trial at the request of the plaintiff (Code Civ. Proc. § 884), but the justice ought not without evidence to render a judgment in favor of the plaintiff, if the answer denies the averments of the complaint. Such a judgment is erroneous. It may have been based upon an erroneous notion that, by failing to appear at the trial the defendant admitted the averments of the complaint. But it must be treated simply as a judgment without evidence to sustain it.

The Superior Court properly ordered the new trial to take place in the Superior Court. (*People* v. *Freelon,* 8 Cal. 517.)

Writ denied and proceedings dismissed.