[No. 12613. In Bank. — October 29, 1888.]

ANTONIO FABRETTI ET AL., PETITIONERS, v. SU-PERIOR COURT OF SANTA CLARA COUNTY, RESPONDENT.

APPEAL FROM JUSTICES' COURT—JUDGMENT BY DEFAULT—JURISDICTION OF SUPERIOR COURT. — When an appeal is taken from a judgment rendered by default in a justice's court, upon questions of law and fact, the superior court must entertain and decide the appeal as upon questions of law alone. It cannot decline to take jurisdiction of the appeal, and if it should dismiss it arbitrarily, its order would be void; nor can it do indirectly what it cannot do directly, in declining jurisdiction.

ID. — PRACTICE IN SUPERIOR COURT — REHEARING — SETTING ASIDE JUDGMENT UPON APPEAL — JURISDICTION — MANDAMUS. — A petition for a rehearing is a proceeding unknown to the law or to the practice of the superior court. It can only set aside its judgment upon an application under section 473 of the Code of Civil Procedure, or on motion for a new trial. It cannot set aside its judgment affirming the judgment of a justice's court upon an appeal taken upon questions of law alone, by an order made upon a petition for rehearing. Such order is *coram non judice*, and void.

APPLICATION for a writ of mandate to the Superior Court of Santa Clara County.

The writ was sought to compel the court to proceed with the consideration of an appeal of the petitioners from the justice's court of Redwood township, in the case of *Ferdinando Lotti* v. *Antonio Fabretti and Wife.* Further facts are stated in the opinion of the court.

*W. B. Hardy*, and *John Reynolds*, for Petitioners.

*William P. Veuve*, for Respondent.

PATERSON, J.—In the case of *Lotti* v. *Fabretti et ux.*, in the justice's court of Santa Clara County, a demurrer to the complaint was overruled by the court, and the defendants having failed to answer, judgment was rendered in favor of the plaintiff therein. From this judgment the defendants appealed to the superior court on questions of law and fact. No statement of the case was filed. The appeal was properly considered by the court and by the parties as an appeal on questions of law alone. (*Southern P. R. R. Co.* v. *Superior Court*, 59 Cal. 471; *Myrick* v. *Superior Court*, 68 Cal. 98.) The appeal was duly taken on the fifth day of October, 1886. After argument upon the matters contained in the appeal, the court, on September 23, 1886, filed its decision in writing, affirming the judgment of the justice's court with costs, and a formal judgment in accordance therewith was entered in the superior court in favor of Lotti against Fabretti *et ux.*, on the thirty-first day of December, 1886. On the third day of January, 1887, defendants filed a petition for a rehearing and a motion for a new trial, and an order was made by the court staying all proceedings on the judgment until the determination of said motions. The court thereafter granted said petition for a rehearing of the cause, and the cause being again submitted after reargument by counsel for the respective parties, the court, on the 13th of April, 1887, made the following order therein: "In this cause the court having permitted a reargument, and upon full consideration now orders, adjudges, and determines that this court has no jurisdiction to either reverse or affirm the judgment of the justice appealed from. It is therefore ordered that the judgment of affirmance heretofore entered in this cause December 31, 1886, be vacated and set aside, and that this court will proceed no further in this cause on appeal."

The learned judge of the court below seems to have based the conclusion stated in his order upon the decis-

ions of this court in *People* v. *County Court of El Dorado County,* 10 Cal. 19; and *Funkenstein* v. *Elgutter,* 11 Cal. 328; but those cases were decided under section 366 of the Practice Act, which was omitted from the code, and it is now settled that if the appeal be taken upon questions of law and fact, when there has been no trial upon issues of fact in the justice's court, the superior court must entertain and decide the appeal as upon questions of law alone. (*S. P. R. R. Co.* v. *Superior Court, supra; Curtis* v. *Superior Court,* 63 Cal. 435.)

The action first taken by the court upon the appeal was correct. It passed upon the merits of the appeal, and its judgment thereon is final and conclusive, unless set aside within a reasonable time in some mode authorized by law. A petition for a rehearing is a proceeding unknown to the law, or to the practice of the superior court. (Code Civ. Proc., sec. 980.) A superior court can set aside its judgment upon an application under section 473 of the Code of Civil Procedure, or on motion for a new trial. Neither of these modes was applicable in the case before us, because the judgment was not taken against the defendants therein through their mistake, inadvertence, surprise, or excusable neglect, and there was no issue of fact tried or to be tried, and no trial within the meaning of section 656 of the Code of Civil Procedure. (Hayne on New Trial and Appeal, secs. 1–3.)

If the court had refused to determine the question or point of law upon which the appeal was taken, and had attempted arbitrarily to divest itself of jurisdiction by a dismissal of the appeal, its order would have been void. (*Hall* v. *Superior Court,* 68 Cal. 24; *Carlson* v. *Superior Court,* 70 Cal. 628); and its order attempting to do indirectly what it could not do directly is, we think, equally invalid. The order is, in effect, a dismissal of the appeal. It shows upon its face an attempt by the court to divest itself of jurisdiction. The parties were entitled to the

judgment of the court upon the merits of the appeal. The court gave them the benefit of its judgment, but subsequently, upon an erroneous conclusion as to its own powers, attempted to set aside its judgment by an order made upon a petition for a rehearing. The order, we think, was *coram non judice,* and void.

Of course we must not be understood as saying that the superior court has not the power to set aside any order or judgment it may have made inadvertently or through mistake; but in all cases the order must be made within a reasonable time. (*Ex parte Gilmore,* 71 Cal. 624.) .

The prayer of the petitioner is denied.

SEARLS, C. J., McFARLAND, J., and SHARPSTEIN, J., concurred.