## MAXSON et al. v. SUPERIOR COURT OF MADERA COUNTY.

### L. A. No. 382; September 15, 1898.

#### 54 Pac. 520.

**Justices of Peace.—On Appeal from a Default Judgment of a** justice of the peace, whether on questions of law or of law and fact, there cannot be a trial de novo.

**Justice of Peace.—On Appeal from a Justice Court,** the superior court has no jurisdiction, on reversing, to remand the case to the justice, the effect of an order vacating a justice's judgment being to dismiss the action without prejudice.

Petition by B. A. Maxson and another for a writ of review to review a judgment of the superior court of Madera county entered in an action appealed to that court from a justice court. Judgment annulled in part.

W. H. Larew for petitioner; Francis A. Fee for respondent.

CHIPMAN, C.—An action was commenced in the justice's court by one Roberts against Maxson & Harris, petitioners in this proceeding. Defendants in that action appeared by general demurrer. A day was fixed for hearing the issue of law raised by the demurrer, and defendants duly notified. They failed to appear, and after waiting one hour the demurrer was overruled. Plaintiff thereupon demanded judgment for the sum specified in the summons, and the court entered judgment as prayed for in the complaint, after first entering the default of defendants. In due time defendants gave notice of and perfected their appeal from the judgment "on questions of law alone." Defendants filed a statement of the case setting forth the facts as above, and stating the

grounds for the appeal, namely, that the complaint does not state facts sufficient to constitute a cause of action; that defendants had no notice of the overruling of the demurrer, nor of the trial of the case, other than the notice of the trial of the issue of law raised by said demurrer; that the justice had no jurisdiction to enter a judgment, and it is void. When the appeal came up for hearing, the superior court ordered "that the judgment of the lower court be, and the same is hereby, reversed, with directions to the said lower court to sustain the demurrer of the defendants to the complaint of plaintiff, with leave to the said plaintiff to amend his complaint, if so advised." To which ruling ordering any further proceedings in the lower court after the judgment was reversed defendants excepted.

The justice had jurisdiction to enter judgment upon failure of defendants to answer. They were not entitled to previous notice of the overruling of the demurrer: Code Civ. Proc., sec. 872; Stewart v. Justice's Court, 109 Cal. 616, 42 Pac. 158. The question as to the sufficiency of the complaint was presented by the statement of the case, and could have been heard without a statement: Rossi v. Superior Court, 114 Cal. 374, 46 Pac. 177. The court had jurisdiction to hear and determine it: Code Civ. Proc., sec. 980. But whether the complaint did or did not state a cause of action cannot be reviewed in this proceeding: Sherer v. Superior Court, 94 Cal. 354, 29 Pac. 716; 96 Cal. 653, 31 Pac. 565. The superior court, however, did not sustain the demurrer, but manifestly grounded its order remanding the case to the justice upon the insufficiency of the complaint.

Petitioners contend (1) that there is no distinction between appeals on questions of law alone and appeals on questions of law and fact, and that the court ought to have ordered a new trial in the superior court; and (2) that the court had no jurisdiction to correct the rulings of the justice, and remand the case with instructions how to proceed. Respondent contends (1) that the appellate court has jurisdiction to try only such issues as were raised in the lower court, and that as no issue of fact was there raised the superior court could not try the case anew; and (2) that, having no authority to try the case, the superior court made the only order it could make, when it reversed the judgment, and remanded the case to the court of original jurisdiction.

The effect of an appeal from a justice's court is to set aside and vacate the judgment in that court, and only the superior court thereafter has jurisdiction: Bullard v. McArdle, 98 Cal. 355, 35 Am. St. Rep. 176, 33 Pac. 193. And this is true, whether the appeal be on questions of law alone or of both law and fact. The appeal here was not from the order overruling the demurrer, as suggested by respondent, but was, and necessarily must have been, from the final judgment, and brought up all the proceedings of the justice. And that an appeal may be taken from a default judgment there can be no doubt: Fabretti v. Superior Court, 77 Cal. 305, 19 Pac. 481.

1. It is the settled law in this state that on appeal from a judgment properly entered in the justice's court by default to answer, there being no issue of fact raised in the justice's court, the appellate court cannot try the case de novo; and this is true whether the appeal is upon questions of law alone, or on questions of both law and fact: People v. County Court, 10 Cal. 19; Funkenstein v. Elgutter, 11 Cal. 328; Rickey v. Superior Court, 59 Cal. 661; Southern Pac. R. Co. v. Superior Court, 59 Cal. 471; Curtis v. Superior Court, 63 Cal. 435; Myrick v. Superior Court, 68 Cal. 98, 8 Pac. 648; Fabretti v. Superior Court, 77 Cal. 305, 19 Pac. 481; Code Civ. Proc., sec. 980. In Curtis v. Superior Court, supra, defendant had answered, denying all the allegations of the complaint, but failed to appear at the trial. The appeal was on questions of law alone, and the superior court reversed the judgment, and ordered a new trial in that court. Held proper. But in the case here there was no answer and no issue of fact presented in the lower court.

2. If the appellate court cannot in such case order a new trial, what can it do? Respondent cites Buckley v. Superior Court, 96 Cal. 119, 31 Pac. 8, from which he quotes as follows: "When an appeal from a justice's court is regularly taken, the superior court not only has jurisdiction to try the case upon its merits, but it has entire and complete jurisdiction of the cause for any and all purposes." And it is hence claimed that the action of the superior court in the present case cannot be reviewed, because it had jurisdiction to make the order. That case has been often cited to the well-settled proposition that, however grave the error committed by the court, its judgment cannot be annulled by means of the writ

of certiorari, if it had jurisdiction. But we do not think it was intended to hold that by merely assuming jurisdiction the court could acquire it, nor that, by perfecting an appeal from a justice's court to the superior court in a case where the record showed a default judgment in the lower court, the superior court could order a new trial in that court, and try the case de novo, or remand it to the lower court for trial. In Buckley v. Superior Court the appeal was dismissed on motion. It was held that the court had jurisdiction to do this, and its action could not be reviewed, however erroneous. If the court had jurisdiction in the present case to remand it with directions to the justice how to proceed, then Buckley v. Superior Court is undoubted authority, and we cannot review the error, if it was error only. But to hold that the court had such jurisdiction would be to ingraft upon our practice in justice courts a system unknown to the statutes, and would recognize a power never before exercised in this state in any reported case of which we have knowledge. It would practically inaugurate the system governing appeals to the supreme court, with all its complexity, to carry out which the law provides no machinery, and points out no procedure. The cases all treat an appeal duly perfected from the justice's court as finally and forever removing the case from that court, and vesting jurisdiction thereafter in the appellate court. In Myrick v. Superior Court, 68 Cal. 100, 8 Pac. 649, Commissioner Foote remarked: "The superior court should have reversed that judgment, and sent the case back for trial on the issues tendered by the pleadings." This expression is seized upon by respondent as authority for the order of the court in the present case remanding it to the justice with directions. In Myrick v. Superior Court there was a change of venue obtained, and defendant moved to dismiss, before the justice to whom the case was transferred, on the ground that the justice before whom the action was originally brought failed to mark the complaint "Filed," as required by law; and, although the defendant had answered and demurred, the motion was granted. Plaintiff duly appealed on "law and facts," and the superior court tried the case de novo, and gave judgment for plaintiff. It was here held, on writ of review, that the court had no power to try the issue of fact, because no such issue had been tried in the lower court, and that the action of the superior court was

beyond its jurisdiction, and its judgment void, and it was ordered annulled. The suggestion of the commissioner that the case ought to have been sent back to the justice for trial was not necessary to the decision, and was not carried out in the order made by this court. That case decided but the one point, to wit, that, there having been no issue of fact tried in the lower court, no such issue could be tried in the superior court; and it is cited to that proposition in Fabretti v. Superior Court, supra. We have found in no case touching the practice in justices' courts, and appeals relating thereto, any intimation that the course suggested in Myrick v. Superior Court could be resorted to in a case like the present one; and it is because the superior court lacks jurisdiction to make such an order. It was said in Sherer v. Superior Court, supra: "The superior court can acquire appellate jurisdiction of a cause pending in a justice's court only in conformity with the steps prescribed by the statute for taking an appeal from that court; nor can it, after such appeal has been taken, exercise any other jurisdiction in the cause than has been authorized by statute." And it is only within the limits thus prescribed that the exercise of its jurisdiction, as the opinion aptly adds, "must be submitted to as a part of the sacrifice which every individual is compelled to yield to the infirmities of human government." In the case of Southern Pac. R. Co. v. Superior Court, supra, at the suit of Wells against the Southern Pacific Railroad Company, defendant was served with summons, but not with copy of the complaint. Defendant appeared specially by motion to set aside the service. The motion was granted, and judgment entered against plaintiff, who appealed. In the superior court defendant appeared specially to move the dismissal of the appeal. The court, without disposing of the appeal, ordered the defendant to answer and proceed to trial. It was held in this court, on application for writ of prohibition, that the superior court had jurisdiction only to affirm or reverse the justice's judgment, and that the order to try the case was in excess of the jurisdiction of the superior court. Our conclusion upon the point is that the court exceeded its jurisdiction in remanding the case to the justice's court. It had jurisdiction to annul and vacate the judgment. It had not jurisdiction to try the case de novo, nor to remand the case to the lower court. The effect of the order vacating the

judgment of the justice of the peace was to dismiss the case, leaving the plaintiff the right to begin another action in the justice court. This may seem a hardship, and it is; in some cases amounting to a denial of any remedy—for example, where the statute of limitations has intervened. But plaintiff took judgment with the admonition that, if his complaint was insufficient, the superstructure built upon it might be torn down on appeal. So much of the judgment here upon review as directs the justice's court to sustain the demurrer or to take any further proceedings in the case is annulled.

We concur: Britt, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion so much of the judgment as directs the justice's court to sustain the demurrer or to take any further proceedings in the case is annulled.