(July 5, 1923.)

## WM. P. HEMMINGER, Appellant,· v. W. W. PARKS, HOBE PARKS and J. N. PARKS, Respondents.

### [216 Pac. 1042.]

PROBATE AND JUSTICE COURTS—PROCEDURE—ISSUE OF FACT—TRIAL—JUDGMENT—APPEAL.

1. Where an issue of fact is tendered in a probate or justice court, and the defendant fails to appear at the time fixed for trial, it is improper for the court to enter a judgment in favor of plaintiff and against defendant, without requiring the submission of any evidence tending to sustain the allegations of the complaint.

2. A trial of an issue of fact in a probate or justice court is had when the judge passes upon the issues of fact tendered and exercises his jurisdictional functions by entering judgment, even though no evidence is submitted, and the judgment will on that account be set aside.

3. Where an issue of fact was tendered and determined in a probate or justice court and the appeal is heard upon questions of law alone, and the district court reverses the lower court upon questions of law, under C. S., sec. 7185, the district court may properly order a new trial of said cause in the district court.

APPEAL from the District Court of the Ninth Judicial District, for Jefferson County. Hon. James G. Gwinn, Judge.

Appeal from judgment of district court setting aside judgment of probate court and ordering new trial in district court. *Affirmed.*

C. A. Bandel, for Appellant.

When the probate court or justice's court has not passed upon an issue of fact, it cannot, through a mistaken opinion of the law, force the district court to do so, as the probate or justice's court must first proceed to do what the law requires it to do, and that is to try and determine the issues made in such court. (*Smith v. Clyne,* 15 Ida. 254, 97 Pac. 40; *Smith v. Superior Court,* 2 Cal. App. 529, 84 Pac. 54.)

When there has been no trial of the facts of a case arising in the probate or justice's court, it cannot be tried, in the first instance, in the district court upon appeal, but must be, if reversed, remanded to the tribunal in which it originated. (*Smith v. Peterson,* 31 Ida. 34, 169 Pac. 290.)

To try a case "anew" or "*de novo*" implies that the case has been heard before, and, where no issue has been tried, there is no issue to try "anew." (*Gaiser v. Steele,* 25 Ida. 412, 137 Pac. 889.)

A. E. Later and Bennett & McCall, for Respondents.

An issue of fact was tendered in the probate court and a trial was had thereon. (C. S., sec. 6385; *Curtis v. Superior Court,* 63 Cal. 435; *Holt v. Gridley,* 7 Ida. 416, 63 Pac. 188.)

When an issue of fact has been tendered in the lower court, and an appeal is taken upon questions of law alone, and the district court sustains the appeal and reverses the lower court, it is within the discretion of the appellate court to set the case for trial *de novo* in said court. (*Holt v. Gridley, supra; Curtis v. Superior Court, supra; Smith v. Clyne,* 15 Ida. 254, 97 Pac. 40; *Myrick v. Superior Court,* 68 Cal. 98, 8 Pac. 648; C. S., sec. 7185.)

When any material allegation of the complaint is denied by the answer, it is error for the court to render judgment on the pleadings. (*Johnson v. Manning,* 3 Ida. 352, 29 Pac. 101; *Swinehart v. Pocatello Meat Co.,* 8 Ida. 710, 70 Pac. 1054; *Davenport v. Burke,* 27 Ida. 473, 149 Pac. 511.)

WM. E. LEE, J.—This action was commenced in the probate court of Jefferson county, by appellant, to recover a judgment upon a contract for the payment of the sum of $250, together with interest and costs. Respondents were duly served with summons and appeared and filed an answer denying the material allegations of the complaint. Thereafter the cause was tried by the court and a jury, and, upon a failure of the jury to agree upon a verdict, the jury was discharged. Thereafter the parties stipulated that the cause

37 Idaho.—30

be tried on October 6, 1919, and an order was therefor duly entered. The respondents failed to appear at the time set for the trial and for one hour thereafter. The probate judge, upon such failure of respondents to appear, "entered the default" of respondents and made the following order:

". . . . and the defendants and each of them failing to appear, either in person or by attorney, it is therefore considered by me that the plaintiff have and recover of the defendants the sum of $337.25 and costs taxed. . . . . "

An appeal was taken from this judgment to the district court of the ninth judicial district for Jefferson county by the respondents, upon questions of law and fact. The respondents moved in the district court that the trial upon the issues of fact be waived and that the appeal be heard on questions of law alone, which motion was granted by the district court. Thereafter the court heard the appeal on questions of law and made and entered an order, the material portion of which is as follows:

". . . . It is ordered that the appeal from the probate court be sustained on questions of law and the judgment of the probate court be and the same is hereby set aside on the ground and for the reason that it appears from the docket of said court that no evidence was taken or produced at the hearing below, and it is further ordered that said cause be tried anew in this court."

Appellant moved that the order of the court be amended so as to direct that the cause be remanded to the probate judge for trial. This motion was overruled and the cause was set for trial in the district court. Upon an objection by the plaintiff to a trial of the cause in the district court, and upon his refusal to proceed to trial, the court sustained a motion dismissing the action, and ordered judgment in favor of respondents. A judgment of dismissal of the action was thereupon made and entered by the district court.

This appeal is taken from the judgment and from the order denying the motion of appellant to remand said cause to the probate court for trial. The assignments of error relate to the action of the district court in reversing the action

of the probate court and in ordering á new trial in the district court.

Upon the filing of the answer in the probate court, an issue of fact arose, which it was necessary to determine in the probate court. (C. S., sec. 7102.)

C. S., sec. 7104, provides that an issue of fact must be tried by a jury, unless a jury is waived, in which case it must be tried by the court.

C. S., sec. 7105, provides that a jury may be waived by the failure of either party to appear at the time fixed for the trial of an issue of fact. Since respondents did not appear at the time fixed for trial, a trial by jury was waived, and the issues of fact, under said section 7104, should have been tried by the court. The record discloses, however, that the probate judge, without requiring the submission of any evidence, entered the default of the respondents and thereupon made and entered a judgment in favor of appellant and against respondents for the sum prayed for, together with interest and costs. C. S., secs. 7093 and 7094, provides the conditions under which a default judgment may be entered in civil actions in probate and justice courts. None of the required conditions were present in the instant case.

C. S., sec. 7106, provides that if either party fails to appear at the time fixed for trial, the trial may proceed at the request of the adverse party. It is apparent, therefore, that the probate judge, upon the failure of respondents to appear at the time set for the trial, an answer having been filed, should have, upon the request of appellant, proceeded with the trial of the issues of fact; and in entering judgment without requiring the submission of evidence in support of the allegations of the complaint, the probate judge failed to follow the procedure outlined by law for the conduct of a trial in the probate and justice courts.

It is conceded that the probate judge had jurisdiction of the parties and of the cause of action, and the probate judge, therefore, had jurisdiction to enter a judgment determining the issues raised by the pleadings in the action. In entering judgment for appellant the court determined

the question of fact at issue, which was that the respondents were indebted to appellant, as alleged in the complaint and denied in the answer. There was, therefore, a determination of the fact at issue, even though there was no evidence to sustain the judgment and the judgment was subject to be set aside on an appeal to the district court.

The supreme court of California, under a statute similar to our own, in the case of *Curtis v. Superior Court,* 63 Cal. 435, said:

"In the case we are now considering, an issue of fact was joined in the Justices' Court. If the statement prepared by the defendant therein showed that the justice erred in giving judgment for the plaintiff, without sufficient or any evidence, this was error for which the Superior Court was justified in reversing the judgment and ordering a new trial. When the defendant fails to appear at the trial the justice 'may proceed' with the trial at the request of the plaintiff (Code Civ. Proc., sec. 884), but the justice ought not without evidence to render a judgment in favor of the plaintiff, if the answer denies the averments of the complaint. Such a judgment is erroneous. It may have been based upon an erroneous notion that, by failing to appear at the trial the defendant admitted the averments of the complaint. But it must be treated simply as a judgment without evidence to sustain it."

And the same court, in the case of *Myrick v. Superior Court,* 68 Cal. 98, 8 Pac. 648, explained its decision in the case of *Curtis v. Superior Court,* as follows:

"In *Curtis v. Superior Court,* 63 Cal. 435, it was announced that an appeal would lie to the superior from a justice's court where issues of fact had been raised and passed on without any evidence being given on the trial. There a trial was had because the lower court passed upon the issues of fact raised by the pleadings and exercised its jurisdictional functions by giving judgment thereon without any evidence to support its decision; and if error was thereby committed it was reviewable on appeal. And a new trial

being proper, it was rightfully allowed to take place in the appellate court.''

Upon an appeal from the probate and justice court, upon question of law alone, this court has held that the jurisdiction of the district court to order a new trial in that court under C. S., sec. 7185, is limited to cases in which there has already been a trial; that to order a new trial implies that there has once been a trial of such issue; and that if there had been no trial in the justice or probate court, instead of granting a new trial in the district court, it would be the duty of the district court to remand the case for trial to the court from which the appeal was taken. (*Smith v. Clyne,* 15 Ida. 261, 97 Pac. 40; *Smith v. Peterson,* 31 Ida. 34, 169 Pac. 290.)

And in the case of *Smith v. Clyne, supra,* this court, speaking through Mr. Justice Stewart, said:

''If, however, an issue of fact was tendered in the probate or justice's court, and the appeal is taken upon questions of law alone, and the district court reverses the lower court upon such questions of law, then the necessity and propriety contemplated by the statute arise, and the district court may order a new trial in said court, unless the issues of law dispose of the case and finally determine the controversy. . . . . ''

In entering judgment for appellant, without the submission of any evidence, the probate judge determined the issues presented for trial, but, in so doing, he committed an error on account of which the district court was justified in setting aside the judgment and in ordering a new trial in the district court. The judgment of the district court is therefore affirmed. Costs awarded to respondents.

McCarthy and William A. Lee, JJ., concur.